UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:19-CV-107-REW

ROBIN HALL, *et al.*,                                                                       PLAINTIFFS,

v.                               **RECOMMENDED DISPOSITION**

ANTHONY E. MILLER, *et al.*,                                                          DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Old Republic Insurance Company brought this action before the Court by filing a petition and notice of removal on November 20, 2019. [R. 1]. However, due to the Court's concerns regarding the existence of the requisite diversity of citizenship, Old Republic was directed to show cause why the action should not be remanded for lack of subject matter jurisdiction. [R. 7]. Both parties addressed the issue in separate filings [R. 8, 9], and the matter is fully briefed. This Court now finds that Defendant's removal to federal court to be proper.

Robin Hall individually, and as Mother and Next Friend of her minor daughter Chloe Caudill, filed suit in Johnson Circuit Court against Defendants Anthony E. Miller and Moran Foods, LLC, seeking compensation for personal injuries sustained in a car accident in Johnson County, Kentucky. In addition, she asserted that Old Republic committed "unfair claims settlement practices" in failing to accept liability and pay damages for the plaintiffs' claims. [R. 1-1].

There is no dispute in the record that that plaintiffs settled their personal injury claims and the issue before this Court is whether the failure to secure an order dismissing those claims as settled in the Johnson Circuit Court action is a barrier to removal.

When a case is removed to federal court on the basis of diversity jurisdiction, the federal

court will not have subject matter jurisdiction over the case unless there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Medlen v. Estate of Meyers*, 273 Fed. App'x. 464, 469 (6th Cir. 2008). A court may raise the issue of subject-matter jurisdiction at any time *sua sponte*. *Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 97 S.Ct. 568, 571 (1977). A district court properly exercises jurisdiction over a removed action where it would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a).

The issue in this case is whether removal from state court is proper prior to the state court formally entering an agreed order of dismissal. Pursuant to 28 U.S.C. § 1446(b), if a plaintiff's voluntary dismissal of a non-diverse defendant results in complete diversity among parties, the remaining defendants may remove the case to federal court based upon diversity jurisdiction as long as it is brought within thirty days of the removable action and one year of the commencement of the lawsuit. *Cobalt Mining, LLC v. Bank of America*, 2008 WL 695887, at *2 (W.D. Ky. 2008). "A defendant removing a case has the burden of proving the diversity jurisdiction requirement." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). If the defendant fails to satisfy the burden with respect to either requirement, then the federal court is without subject matter jurisdiction to hear the case.

Old Republic argues that subject matter jurisdiction is proper because a settlement was achieved and releases executed as to the non-diverse parties, Anthony E. Miller and Moran Foods, LLC, making formal dismissal inevitable between the plaintiffs and the nondiverse defendants. [R. 8 at 206-07]. Plaintiffs argue only that this Court lacks subject matter jurisdiction because "there is no Agreed Order of Dismissal between Plaintiff Robin Hall and Defendants," to create complete diversity. [R. 9 at 212].

A case can become removeable following a settlement between the plaintiff and a non-diverse party if there is "a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability." *See Reid v. Am. Commerce Ins. Co.*, 2007 WL 1173030, at *3 (E.D. Ky. Apr. 19, 2007) (quoting *Allison v. Meadows*, 2005 WL 2016815, at *3 (S.D.W. VA. Aug. 22, 2005)). In *Reid*, the court held that the case was not properly removed because the nondiverse parties had not "executed a release or entered into a binding and enforceable settlement agreement." *Reid*, 2007 WL 1173030, at *4. Unlike *Reid*, the parties do not contest that a release was voluntarily executed by the non-diverse parties. In *Oakes v. Allstate Insurance Company*, 2005 WL 3134042, at *2 (W.D. Ky. Nov. 5, 2005), the court held that removal was proper because the nondiverse parties executed a release of all claims and the defendant timely removed the action. Therefore, like *Oakes*, Plaintiffs are bound by their voluntary agreement, making the Johnson Circuit Court's entry of the agreement inevitable and removal proper.

In sum, this Court finds that Old Republic carried its burden of proving this Court has subject matter jurisdiction because the execution of the release on November 18, 2019 between remaining Plaintiff and Defendants Miller and Moran Foods created complete diversity between Plaintiffs and Old Republic. Therefore, having considered the record and being advised,

IT IS RECOMMENDED that this case proceed as properly removed to federal court.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. FED. R. CIV. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A

general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. FED. R. CIV. P. 72(b)(2).

    Signed January 9, 2020.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge